IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal No. 2:15cr55 |
| : | |
| **AYANNA N. JAMES,** : | |
| : | |
| Defendant. : | |

IN RE: THIRD PARTY CLAIM BY:

ALBERT JAMES

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned for a report and recommendation regarding petitions filed by third parties claiming ownership interests in property named in the preliminary Consent Order of Forfeiture. (ECF Nos. 16-18, 22).

### I. SUMMARY OF THE CASE

Specifically, on July 10, 2015, Albert James filed a petition asserting an ownership interest in a 2010 Audi Q7 pursuant to 21 U.S.C. § 853(n). (ECF No. 16). The Government filed a Motion to Dismiss James' claim to the Audi (ECF No. 19), which the Court denied (ECF No. 27). As the Court noted, Albert James' petition asserted that he purchased the vehicle, which

was registered in his name only, but he did not specify where the funds to acquire the vehicle came from. Id. at 2, 5-6.

In an August 10, 2015 Order, the Court directed any interested party to appear before the Court on September 14, 2015 for an evidentiary hearing with regard to Albert James' petition. (ECF No. 34). Prior to the hearing, the Court received a response from James indicating that the Audi Q7 was "obtained with a previously owned 2009 Nissan GTR gifted to me [Albert James] by my wife [Ayanna James]." (ECF No. 41). The pleading stated that James was not "aware of the illegality of the proceeds used" and that he would not oppose the Government's claim to the Audi. Id. At the September 14, 2015 hearing, James did not appear and no other interested parties appeared.

## II. RECOMMENDATION

Based on the foregoing summary of the facts, the undersigned recommends that the Court enter a Final Order of Forfeiture for the Audi Q7 identified in the Amended Consent Order of Forfeiture entered August 19, 2015. (ECF No. 39).

## III. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of

mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 15, 2015